Mr. Justice Nott
delivered the opinion of the court.
The act upon the construction of which the present motion depends, is in the following words : “ In case the defendant shall abscond or absent himself, so that he cannot *567 be found, the marshal or his deputy shall serve the defendant therewith, by leaving a true copy of such writ, at the dwelling house or the most usual and notorious place of residence or habitation of the defendant, &c. provided that nothing in this act contained, &c. shall extend to any person or persons gone off from this settlement, and not being actually resident in the same, at the time tvhen the copy of such writ, shall be left at the house of such person as aforesaid
The principal object of the act appears to have been to obviate a difficulty which it is apparent must frequently happen in the. service of writs, when the defendant is accidentally or designedly from home. Nevertheless it would be contrary to the spirit of it, to give it such construction as to subject a person to a judgment, who had not the means of knowing that a suit had been instituted againt him. Perhaps it will be difficult to give it any construction that will not be attended with some inconvenience. We must, therefore, look for that which (attended with the least mischief,) will give it the most practical operation. It will be observed, that the states of No. Carolina and Georgia, bound our state in its whole extent on two sides. The citizens of each, are separated only by an imaginary line. A man’s house may be in one state, and his plantation or his garden in another. The devi-dingline of the states may even divide his house, leaving one part in one state, and the other in another. Now it cannot comport with the spirit of the act, to say the service of a writ shall be void, merely because the party was walking in his garden or had rode to his plantation in another state, not a mile from his house at the time the copy was left. On the other hand, a party might be surprised by the service of a writ in such manner, when absent in a foreign state or country. But it would always be in the power of the court, to protect or relieve a person from any mischief which might be about to result from such a service, under these circumstances. In the present case, the defendant barely says he was in the state, of Georgia, when *568 the writ wás served. He does riot deny having refceived the copy writ, or say that h'e has been surprised, or is iu danger of suffering any injuiy by it. If such an objection was to be allowed, the service of half the writs on the two frontiers of the state probably would be set aside, arid- the object of tile act iri a great measure defeated. I think that the service q£ the writ wás good, notwithstanding the defendant happened tobe over the line of the state, at the time the copy was left at his house. The motion mus : therefore be granted.
Simpson Dunlap, for the motion.
G'Neall £s? Irby, contra.
Justices Gantt, and Huger, concurred.
Mr. j ristice Richardson, dissented.